52 So.2d 903 (1951)
KATZ
v.
BEAR et al.
No. 21823.
Supreme Court of Florida, en Banc.
June 1, 1951.
Rehearing Denied June 28, 1951.
*904 Montague Rosenberg, Miami Beach, for appellant.
Nathanson, Oka & Spaet and William Brody, all of Miami Beach, for appellee.
PER CURIAM.
The plaintiff-appellant sued the defendants-appellees to recover a realtor's commission for the sale of a lease on a hotel at Miami Beach, Florida. The five year leasehold interest sold for the sum of $35,000.00. The sum of $30,000.00 was paid in cash. The owner allowed the purchaser time in which to pay the realtor's commission as agreed to in the sum of $5,000.00. The salesman of the plaintiff-appellant, Mr. Heyman, introduced Mr. Friedman, the purchaser, to Mr. Bear, the owner, but the sale was not closed until some eight days thereafter.
At the close of the plaintiff's case in the lower court a motion for a directed verdict was made on the theory that a jury, from the evidence adduced, could not under the law find a verdict for the plaintiff. The trial court granted defendant's motion and directed the jury to return a verdict for the defendant below. A motion for a new trial was made by the original plaintiff and was denied by the trial court. Judgment for the defendant was entered and plaintiff appealed.
It is contended here that the plaintiff was not entitled to the commission because there was not a meeting of the minds of the parties on the item of $5,000.00 which the owner referred to as a commission. The purchaser then had $30,000.00 in cash and was willing to pay the amount for the hotel. The owner refused to accept the $30,000.00, but eight days thereafter accepted said sum and the purchaser's additional promise to pay at a subsequent date the commission in the sum of $5,000.00. The broker brought the parties together and a continuous negotiation existed which later resulted in a trade. It is true that the original terms of the trade were changed by mutual consent. The broker produced a purchaser ready, able and willing to buy the hotel. He later bought it on the owner's terms. See Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876.
Power to direct a verdict should be cautiously exercised and the same should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the adverse party be sustained. Metropolitan Life Ins. Co. v. Jenkins, 152 Fla. 486, 12 So.2d 374. A party moving for a directed verdict admits not only facts shown by the evidence, but also reasonable inference favorable to the adverse party that the jury might fairly and reasonably arrive at from the evidence, and if the evidence is conflicting, or evidence tending to prove the issues, the case should be submitted to the jury as a question of fact under appropriate instructions. Hill v. Wilson, 148 Fla. 472, 473, 4 So.2d 712, and similar cases.
The judgment is reversed with instructions for further proceedings not inconsistent with the views herein expressed.
*905 TERRELL, CHAPMAN, ADAMS and ROBERTS, JJ., concur.
SEBRING, C.J., dissents.
THOMAS and HOBSON, JJ., not participating.