HORTON, Judge.
This was an action for personal injuries sustained in an automobile accident at the intersection of Northeast Miami Court and 79th Street in the City of Miami, Florida.
A jury rendered a verdict in favor of the appellant, plaintiff' below, and judgment was entered thereon. After verdict •and judgment for appellant, the appellee moved the court to set aside the verdict and judgment and to enter judgment for the appellee in accordance with its prior motion for directed verdict. The motion was granted and judgment was entered in favor of the appellee. This appeal is from the latter judgment.
Since the judgment resulted from a directed verdict against the appellant, the testimony and evidence must be considered in the light most favorable to the appellant, disregarding conflicts in the evidence and indulging every reasonable in-tendment deducible from the evidence in his favor. See Rodi v. Florida Greyhound Lines, Fla.1952, 62 So.2d 355. It is only when the evidence, viewed in this light, is found to be legally insufficient to support a verdict for the party moved against, that a directed verdict is proper. See Katz v. Bear, Fla.1951, 52 So.2d 903. A par.ty moving for a directed verdict admits, for the purposes of the motion, not only the facts adduced, but every conclusion favorable to his adversary that may fairly and reasonably be inferred therefrom. See Greenberg v. Post, 155 Fla. 135, 19 So.2d 714. Also, Nelson v. Ziegler, Fla.1956, 89 So.2d 780; Hartnett v. Fowler, Fla.1957, 94 So.2d 724.
In directing the verdict and setting aside the jury’s verdict and judgment thereon, the trial judge said, “The court finds that his [appellant’s] own testimony clearly demonstrated as a matter of law his failure to use ordinary care and that his own negligence contributed to this accident.” (Emphasis supplied.)
The pivotal point on this appeal is whether or not the evidence so conclusively establishes the appellant’s contributory negligence as a matter of law so as to warrant the direction of a verdict. The appellant’s case consisted of his own testimony and five exhibits. The following is appellant’s version of the accident: He was proceeding south on Northeast Miami *727 Court where it intersects with 79th Street. Traffic on Miami Court was controlled by a stop sign. The traffic on 79th Street at Miami Avenue, one block west of Miami Court, was backed up to and beyond the intersection of Miami Court and 79th Street. The appellant stopped at the stop sign on Miami Court and then proceeded into the intersection preparatory to making a left turn into 79th Street going east. To the left, or east, of appellant, was a bus stopped in the southernmost westbound lane of 79th Street. The driver of the bus indicated to appellant to proceed — that traffic in the eastbound lane was clear. The appellant proceeded to the double striped center lane of 79th Street directly in front of the bus. At this point, appellant looked to the west for traffic proceeding easterly and seeing nothing, started to make his turn when appellee’s truck, going west but in the eastbound lane of 79th Street, collided with appellant.
Although it is unnecessary to consider here the effect of the appellee’s evidence, nevertheless we think it is sufficient to point out that the substantial conflict in the evidence of the parties lies in the position of the respective vehicles at the time of the accident. The appellee’s driver testified the bus was in the northernmost westbound lane on 79th Street and that he was attempting to pass the bus in the only other westbound lane when the appellant’s automobile came out of the stop street across his lane of traffic and collided with his truck.
Since the court directed a verdict on the basis of appellant’s evidence, appel-lee’s evidence could not have lawfully influenced his action. Obviously the trial court considered there was sufficient evidence to support a prima facie case for appellant when he denied a directed verdict at the close of the appellant’s case. Likewise, he must have felt there was a substantial conflict in the evidence of the parties on material issues that required their submission to the jury when he reserved ruling on the appellee’s motion for directed verdict at the conclusion of all the evidence.
Considering, as we must, the appellant’s evidence in the light most favorable to him, and indulging every reasonable in-tendment deducible therefrom, we are of the opinion that the jury could have (as it did upon conflicting evidence) found a verdict for the appellant. The jury could have reasonably concluded that the ap-pellee was negligent in operating his vehicle in the wrong lane of traffic and that such negligent act was the proximate cause of the accident. Under the appellant’s version, the accident occurred in the eastbound lane of traffic. How'ever, notwithstanding this, the appellee contends that appellant should have looked toward the east to ascertain if any danger was imminent and this failure to keep a lookout established the appellant’s contributory negligence as a matter of law. This' contention might be tenable if we were to consider the appellee’s evidence, but even then it would appear to be more appropriately addressed to a jury. See 23 Fla. Jur., Negligence, § 132. If the appellant, as he contends, was in a position in front of the bus, and the bus was in the southernmost westbound traffic lane, then there would be no reason for him to have looked to the east for potential dangers when, under the circumstances, danger from that direction would not reasonably be anticipated. Certainly, the appellant’s duty to look to the east could not be validly premised on an assumption that vehicles could be expected in the wrong traffic lane in violation of the traffic laws. We conclude the trial judge was in error in directing a verdict for appellee and entering judgment thereon.
Accordingly, the judgment appealed is reversed, and the cause remanded with directions to reinstate the judgment for the appellant.
Reversed and remanded with directions.
CARROLL, CHAS., C. J., and PEARSON, J., concur.