THORNAL, Associate Judge.
Appellants who were plaintiffs below seek reversal of a judgment entered pursuant to a directed verdict in favor of appellee defendant below in a negligence action.
We now consider the appellee’s motion to quash the appeal grounded on the position that the appellants have not adequately preserved the questions submitted to us for review.
Appellants Furr as plaintiffs sued ap-pellee Gulf Exhibition Corporation for injuries to Mrs. Furr allegedly resulting from the negligence of the defendant-appellee. After the presentation of all the evidence by both sides, the trial judge granted the motion for a directed verdict in behalf of the defendant Gulf Exhibition Corporation. The judge announced that he granted the motion on the ground that he found “as a matter of law that the plaintiff has failed to demonstrate that the defendant has been guilty of negligence * * * ”
The plaintiffs immediately took exception to the ruling of the trial judge. The jury, of course, followed the judge’s instruction and judgment for the appellee-defend-ant was entered pursuant to the verdict. Appellants now seek reversal of this judgment.
Appellants contend that the evidence was sufficient to take the case to the jury and that the trial judge, therefore, committed error in directing the verdict.
By its motion to quash this appeal, the appellee contends that the appellants are not in a position to raise the question presented by the appeal for the reason that they did not request a review of all of the evidence by a timely motion for a new trial. Appellee thereupon submits the view that we cannot now review the evidence on appeal. It is finally contended that the appellants are totally without foundation for their appeal to this Court.
The appellants are not here in the position of one seeking review of a verdict arrived at by a jury after its consideration of all the evidence. This is not a case in which we are being requested to review a judgment based on the verdict of a jury reached after independent deliberations in the customary routine of a trial. If this were the situation our ultimate conclusion on the motion to quash the appeal might be otherwise than as hereinafter stated. See Ruth v. Sorensen, Fla., 104 So.2d 10; 6551 Collins Avenue Corp. v. Millen, Fla.App., 97 So.2d 490, certiorari denied Fla., 104 So.2d 337.
The principle point raised by the appeal simply is that the trial judge committed an error as a matter of law when at the close of all of the evidence he directed a verdict in favor of the defendant.
The two situations are entirely different. A party who seeks review of a judgment based on a verdict of a jury arrived at after the jury’s consideration of all of the evidence is not entitled to have the sufficiency of the evidence reviewed by an appellate court unless he affords to the trial judge an opportunity to pass upon the sufficiency of the evidence as a preliminary to the appeal. He does this by a timely motion for a new trial.
*29 On the other hand, when the trial judge has this opportunity in his consideration of a motion for a directed verdict at the close of all of the evidence and exercises the power of directing a verdict on the basis of a legal conclusion as to the sufficiency or insufficiency of the evidence, then his ruling can be reviewed without the necessity of an ' 'tervening motion for a new trial.
The rule appears to be clear that when a trial judge passes upon a motion for a directed verdict at the close of all the evidence he thereby arrives at a conclusion of law rather than of fact. In other words, his judgment is grounded on the proposition that viewing the evidence in its aspects most favorable to the party against whom the verdict is directed, it necessarily follows as a matter of law that such party could not be successful if the evidence were submitted to the jury. The conclusion reached by the trial judge under such circumstances is a conclusion of law resulting from the presence of a state of facts which permits of no other legal result. Warner v. Goding, 91 Fla. 260, 107 So. 406; Greenberg v. Post, 155 Fla. 135, 19 So.2d 714.
The conclusion which we here reach is further supported by Rule 2.6(c), Fla.Rules of Civil Procedure, 31 F.S.A., which provides in effect that in order to entitle a party against whom a verdict is directed to have such ruling reviewed by an appellate court it is not necessary to object or except to the order directing the verdict. We think also by analogy our conclusion is supported by Rule 2.8(e), Florida Rules of Civil Procedure, which in effect provides that when a case is tried by the court without a jury the sufficiency of the evidence to support the judgment may be reviewed on appeal even though a motion for a new trial is not presented. While obviously not controlling here, the situation covered by the rule last cited is certainly strongly analogous to the situation now presented to us.
We, therefore, conclude that the ruling of a trial judge directing a verdict for a defendant on the ground of the legal insufficiency of the evidence presented by the plaintiff is reviewable by an appellate court as a matter of law without the necessity of the presentation and disposition of a motion for a new trial by the offended party.
Counsel have advised that the point presented by the instant motion is novel in this jurisdiction. Contrary to custom on a preliminary appellate motion we have elaborated upon our views with this opinion in the hope that it would be of some service to the Bar.
Viewing the matter as we do the motion to quash the appeal is denied.
It is so ordered.
WIGGINTON, C. J., and O’CONNELL, STEPHEN C., Associate Judge, concur.