PER CURIAM.
The appellant, as administrator of her husband’s estate, sues the maker of eleven *15 notes on which her deceased husband was payee. The defendant, appellee, by answer under oath, denied consideration in the following language:
“5. That the alleged promissory notes numbered 1 to 3 inclusive, are without consideration in that the said notes were given in anticipation of goods to be sold and delivered, and which were never delivered unto the Plaintiff.
“6. That the alleged promissory notes numbered Exhibit A through H inclusive of the amended complaint, are without consideration in that they were given in anticipation of furs to be sent to the Defendant which were never sent or delivered.”
The cause came on for trial and at the conclusion of plaintiff’s case the court directed a verdict for the defendant upon the ground that consideration had not been proved. See Maloney v. McBride’s, Inc., Fla.1950, 44 So.2d 296. This appeal followed, and we reverse upon a holding that the evidence viewed in the light most favorable to the plaintiff and with the benefit of every reasonable inference would support a verdict for the plaintiff. See Greenberg v. Post, 155 Fla. 135, 19 So.2d 714, 716 (1944).
Appellant’s deceased was a jobber in furs. Appellant testified that she was familiar with and worked in the business. She further testified that the notes were given in consideration of furs which were delivered and not paid for. Three invoice or sales books were admitted into evidence to prove a sale of merchandise. These were books of original entry made by the deceased, none of which are signed by defendant. While these books are insufficient to prove delivery, the evidence as a whole is sufficient to establish a prima facie case of consideration and shift the burden of going forward with the evidence to the defendant.
Reversed.