PER CURIAM.
Plaintiff appeals from a final judgment rendered after the court directed a verdict for the defendants (appellees) at the close of plaintiff’s case. The verdict was directed solely on the ground that plaintiff failed to prove an “acceptance of a bailment” of one of its trucks by these defendants.
Plaintiff’s only point on appeal is whether the trial court committed error in directing a verdict for these defendants.
In commenting on a motion for directed verdict at the close of plaintiff’s case in Greenberg v. Post, 155 Fla. 135, 19 So.2d 714 (1944), the Supreme Court stated:

“Such motion raises a question of law for the trial judge respecting the legal sufficiency of the evidence to sustain a verdict against the defendant. If the appellate court finds, on review of an order directing a verdict, that the trial court erred as a matter of law in granting the motion, the judgment of the trial court will be reversed and the cause remanded for a new trial.”
⅜ # >(< ⅜ sft ⅜
We, therefore, review the record to consider the facts and reasonable inferences most favorable to plaintiff on the question of whether there was any evidence upon which a jury could find an “acceptance of a bailment” of one of its trucks by these defendants. See 32 Fla.Jur. Trial § 91 and 88 C.J.S. Trial § 255.
Deatrick Leasing Corporation was, and is, in the truck rental and car leasing business. It owned a tractor-truck which was involved in an accident causing damage to its left front section. Deatrick called various paint and body shops, including the Miami Sign Company — A & A Body Shop, to request an estimate as to the cost of repair to this truck. Charles W. Black owns and operates the Miami Sign Company which is located at 750 N.W. 24th Street, Miami, Florida. Its primary business is *533 lettering and preparing signs for trucks. For a number of years Miami Sign Company also did business as A & A Body Shop. The A & A Body Shop is located on the north side of the street and across the street from the Miami Sign Company in a building owned by Black. A vacant lot is adjacent to that building and is used by Miami Sign Company and A & A Body Shop to store trucks prior to their being repaired or lettered.
Prior to November, 1967, Charles W. Black leased the building, in which the A & A Body Shop was located, to Edmond W. Rand. Thereafter Rand, with the consent of Black, continued to operate a paint and body shop under the name A & A Body Shop. Black and Rand agreed that Rand would receive twelve and one-half (121/2%) percent of the gross of any work that Rand sent to the Miami Sign Company and that Black would receive twelve and one-half (12½%) percent of the gross of any work that Black sent to the A & A Body Shop. In addition thereto, the Miami Sign Company and the A & A Body Shop operated as integrated businesses in othe respects. Rand continued to operate the A & A Body Shop under Black’s business license for that shop and the Miami Sign Company did all billing for itself and the A & A Body Shop regardless of whether the work was strictly paint or repair. The A & A Body Shop letterhead referred to the A & A Body Shop as an affiliate of the Miami Sign Company; Rand received a lump sum check from the Miami Sign Company at the end of the month for his earnings; and Rand and Black acted for each other in business dealings, including the writing of estimates on work done by either the Miami Sign Company or the A & A Body Shop.
On November 13, 1967, Charles W. Black, acting on behalf of the A & A Body Shop, prepared on an A & A Body Shop estimate form an estimate of the cost of items needed for the repair and painting of a certain Deatrick Leasing tractor-truck. The estimate shows that there was damage to the left front of the vehicle requiring the replacement of the headlight panel among other items. The estimate was done on the premises of Deatrick. Thereafter, Reeder, an employee of Dea-trick, phoned the Miami Sign Company advising them that they were awarded the repair job and requesting them to pick up the vehicle.
On Friday evening, November 17, 1967, at or around 5:00 P.M., Black saw the Deatrick truck in question parked on the corner lot next to the A & A Body Shop. He identified the truck as belonging to Deatrick because of the Deatrick Leasing identification thereon, and noted that the truck’s left front section was damaged. Black then inquired of Rand, who was with him at the time, about the vehicle. Rand replied that the truck was to be repaired. However, nothing further was done about the truck that day. It appears a jury could find that Black and Rand agreed because of the late hour of the day, that any repair work on the truck would not begin until the following Monday morning.
On the following Monday morning, Rand noticed that the truck was missing and inquired of Black as to its whereabouts. Black replied that perhaps Deatrick had picked up the truck. Black then phoned Deatrick and spoke to Reeder, who immediately proceeded to the Miami Sign Company to help locate the truck. At the sign company, Reeder met with Black, who pointed to the vacant corner lot of 8th Avenue and 24th Street showing Reeder where the truck was parked on the prior Friday evening and stated to Reeder that “this is where we put it.” The truck was never returned or found.
During the argument in the trial court it was conceded by one of the defendants that a delivery of the truck in question had been established as a matter of fact.
There was direct evidence that these defendants saw the damaged truck on the corner lot where they ordinarily stored *534 trucks prior to repair. They knew the truck on the lot had Deatrick Leasing identification upon it and that it had damage to its left front section. Defendants acknowledged that the truck was on the lot for the purpose of being repaired.
In 8 Am.Jur.2d Bailments § 59 it is reported :
“What is a sufficient acceptance to charge a person with the responsibilities of a bailee is probably not capable of ascertainment by any universal rule, but rather, is dependent upon the circumstances of each case. One primary requisite is that the one acquiring possession of the property must have notice of the possession and knowledge that it is the property of another, for the relation of bailment exists and continues only so long as the party to be charged has notice of the possession and custody. The bailee’s knowledge of possession of the chattel is an essential factor to the existence of a bailment.
In general, knowingly taking property into possession or control is a sufficient acceptance, provided there is a delivery for the purpose of creating a bailment. This appears to be especially true where the property is delivered in response to the proposal or invitation of the recipient. It is also held that delivery of property into possession, pursuant to an authorization to do so, constitutes a sufficient acceptance so that the bailee cannot subsequently turn out the property without notice to the bailor and escape liability for its loss.”
On review of the record on appeal we find that there was sufficient evidence and reasonable and legitimate inferences to be drawn therefrom that a jury might find or reasonably infer, that the defendants had accepted the bailment of this truck from the plaintiff.
We, therefore, reverse and remand this case for a new trial. Cf. Greenberg v. Post, supra.
It is so ordered.