CARROLL, DONALD K., Acting Chief Judge.
In two consolidated cases the defendants in actions for damages resulting from a broken boom crane have appealed from adverse judgments entered by the Circuit Court for Duval County.
The principal questions presented for our determination in this appeal is whether the trial court erred in granting the plaintiff’s motion for a directed verdict as to the defendants’ defenses.
The amended complaint filed by the plaintiff, William E. Arnold Company, hereinafter referred to as Arnold, against the defendant Blair Contracting Company, hereinafter referred to as Blair, and against the defendant American Pecco Company, hereinafter referred to as Pecco, seeking recovery for the amount of a judgment which it previously had paid as a result of an action by the Auchter Company against Arnold and Blair. In the first count of its complaint Arnold seeks recovery for the reason that Arnold was only vicariously liable because Blair and Pecco were actively and primarily negligent and hence responsible for the incident out of which the said judgment arose.
The second count of Arnold’s complaint is based upon implied warranty on the part of Blair in furnishing a truck crane to be used in taking down a tower crane from the top of the Presbyterian apartment building in Jacksonville.
In response to the above complaint Blair filed an answer, alleging three defenses and incorporating a coünterclaim. The *67 first defense is a general denial of the negligence alleged. In its second defense Blair alleges that Arnold was guilty of contributory negligence by negligently undertaking to dismantle and lower the tower crane. Blair’s third defense alleges that at the said time and place Arnold or its agents, employees, sub-contractors, or independent contractors were in control of the said crane, which was rented to Arnold on an hourly basis and that, therefore, Arnold jointly or severally through its agents or employees was negligent in causing the said incident and injury.
Blair filed its counterclaim against Arnold and its cross-claim against Pecco, which was the owner of the tower crane that was being removed. In this counterclaim and cross claim Blair further alleges that Pecco, as agent, employee, or sub-contractor of Arnold, was negligent in the dismantling and lowering of the top tower crane, and, further, that Blair has rented the said crane, together with an operator and oiler, on an hourly basis, to Arnold or its agents, employees, subcontractors, or independent contractors were in control of the said crane, which was rented by Blair to Arnold on an hourly basis, and that, thus, Arnold was jointly or severally negligent.
At the trial the court granted Arnold’s motion for a directed verdict against Blair on Blair’s counterclaim and against Blair’s defense of contributory negligence. In addition the court denied Blair’s motion for a directed verdict on Arnold’s complaint and Blair’s counterclaim.
This court has carefully examined the trial record and find therein sufficient evidence from which the jury could have reasonably found in favor of Blair as to any of its three defenses and its counterclaim. Therefore, the trial court erred in taking the issues from the jury and directing the verdict.
The principles governing the direction of verdicts in Florida have long been established. For instance, the Supreme Court of Florida held in Katz v. Bear, 52 So.2d 903 (Fla.1951):
“Power to direct a verdict should be cautiously exercised and the same should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the adverse party be sustained. Metropolitan Life Ins. Co. v. Jenkins, 152 Fla. 486, 12 So.2d 374. A party moving for a directed verdict admits not only facts shown by the evidence, but also reasonable inference favorable to the adverse party that the jury might fairly and reasonably arrive at from the evidence, and if the evidence is conflicting, or evidence tending to prove the issues, the case should be submitted to the jury as a question of fact under appropriate instructions. Hill v. Wilson, 148 Fla. 472, 473, 4 So.2d 712, and similar cases.”
A different legal situation prevails as to the appeal of Pecco. In its appeal Pecco challenges the validity of the order of the court striking Pecco’s defense and dismissing its counterclaim based upon a hold-harmless agreement in its lease contract with Arnold, refusing to allow into evidence portions of a certain deposition, and direct a verdict on Pecco’s defense of contributory negligence. We find no error in these holdings.
For the foregoing reasons the judgment appealed from is reversed as to Blair and the judgment as to Pecco is affirmed, and the cause is remanded for a new trial as to Blair.
Affirmed in part and reversed in part.
SPECTOR and JOHNSON, JJ., concur.