PER CURIAM.
This is a consolidated appeal concerning a vehicular collision which occurred at a traffic light in the City of Live Oak on 17 December 1975 between Richard Skipper and Robert Cross. The Skippers, father and son, filed suit against Cross and his insurer, the City of Live Oak and its insurer, Singer Manufacturing, and Sargent-So-well, Inc. The City cross-claimed for indemnity against the manufacturer, Singer, and the distributor, Sargent-Sowell, but later dropped Singer from its cross-claim.
At trial both Richard Skipper and Cross claimed they had a green light at the time of collision. There was evidence that the change period of the traffic light was so short and fast as to pose a traffic hazard. There was also evidence that the potential hazard posed by the light’s operations had been recognized by City residents and at least two City policemen since its installation approximately eight to nine months prior to the Skipper/Cross accident. The City maintained that it installed the light as received, relying on the representations of the distributor, Sargent-Sowell, but conceded that it, the City, had not complied with sections 316.008 and 316.131, Florida Statutes (1975), by conforming the traffic signal to uniform safety standards and by obtaining state certification and approval prior to installation.
Before the Skippers’ case went to the jury, they settled with Singer and Sargent-Sowell for $75,000 and $150,000 respectively. At the close of the evidence, on Sargent-Sowell’s motion, the trial court directed a verdict for Sargent-Sowell on the City’s cross-claim for indemnity on the ground that under Florida law there can be no indemnity between tortfeasors. The jury returned a verdict finding negligence of 25% by Richard Skipper, 25% by Cross, 50% by the City, and that the Skippers had suffered damages of $130,000. .
*1243 In accordance with section 768.31, Florida Statutes (1975), the trial court reduced the damages awarded by 25% for the negligence of Richard Skipper, and offset the remainder against the settlement of $225,-000 obtained by the Skippers from Singer and Sargent-Sowell. This ruling reduced the actual liability of Cross, the City, and their insurers, to zero. The trial court also awarded attorney’s fees and costs of $10,-818.10 against Cross, the City, and their insurers.
Several days after the jury verdict, it was discovered that certain proffered evidence, denied by the trial court out of the hearing of the jury, had been inadvertently sent to the jury. This evidence consisted of two traffic accident reports purportedly prepared by City Police Officer Bosserman, who investigated the accident. The reports were the same except that the second report deleted Bosserman’s comment that the faulty operation of the traffic light contributed to the accident.
Following the discovery of the jury’s receipt of the two traffic reports, the Skippers timely moved for a new trial and for permission to interview the jurors in order to determine any prejudice resulting from their consideration of the reports. Although the trial judge recognized that submission of the reports to the jury was error, both motions were denied.
Under Florida law indemnity can only be applied where the party seeking indemnity is solely, constructively, or derivatively liable. There can be no indemnity between joint tortfeasors. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 493 (Fla.1979). The City’s theory that the jury might have found liability predicated solely upon the City’s ownership of the light is refuted by the record evidence. City officials testified that the traffic light was installed without complying with sections 316.008 and 316.131, Florida Statutes (1975). There was uncontradieted evidence that at least two City police officers were aware of the faulty operation of the traffic light well before the accident, and that the City continued to operate this instrument despite its known hazard. Even when the evidence is viewed in the light most favorable to the City, it is nevertheless obvious that any liability the City might incur could not, on the record, rest solely upon a theory of imputed or constructive negligence. Thus, there was no factual issue for the jury to resolve concerning indemnity, and the trial court did not err in directing a verdict. See Furr v. Gulf Exhibition Corp., 114 So.2d 27, 29 (Fla. 1st DCA 1959) and Ellen wood v. Southern United Life Insurance Co., 373 So.2d 392, 395 (Fla. 1st DCA 1979).
The Skippers contend on appeal that the jury verdict was contrary to the weight of the evidence in finding that Richard Skipper was negligent and the Skippers suffered only $130,000 in damages; that the trial court erred in denying the motion to interview jurors on their consideration of the improperly submitted traffic reports; and that the trial court erred in not granting a new trial when there was clear error in submitting the traffic reports to the jury. Appellees Cross and City cross-appeal the refusal of the court to offset the settlement by Singer and Sargent-Sowell against the attorney’s fees and costs awarded to the Skippers.
We find error in the trial court’s denial of the Skippers’ motion for a new trial. In denying the motion, the trial court acknowledged that submitting the two traffic reports to the jury was clear error. The court found the error harmless inasmuch as the jury returned a verdict for the Skippers on the liability issue and awarded damages in an amount completely offset by the Singer/Sargent-Sowell settlement. We are persuaded that the contents of the traffic reports and the improper manner in which they were received by the jury were so damaging to the Skippers’ claim as to have precluded a fair and impartial trial. We note first that both reports contain the unfounded conclusion of the investigating police officer that Skipper was at fault for failing to notice the traffic signal change from green to red. Because the evidence properly submitted on this issue consisted entirely of the contradictory claims of Richard Skipper and Cross that each had the *1244 right-of-way, the improperly submitted conclusion of an impartial, official investigator that Richard Skipper was at fault weighs heavily not only on who was at fault but, more significantly, on Richard Skipper’s credibility as an injured complainant testifying as to the extent of his injuries. These reports were properly proffered for a limited purpose out of the hearing of the jury, were denied, and yet were inadvertently submitted to the jury without restriction as to their limited purpose. Second, the reports were not subjected to direct and cross-examination in open court. As a result, evidence with a probative value of showing only that the City had attempted to conceal possible negligence on its part was first denied and then submitted to the jury in such a manner as to prejudice the proffer or. We note that this is not one of those instances where a party brings the error on itself and cannot be heard to complain. Jackson v. State, 359 So.2d 1190, 1193 (Fla.1978). The remaining points on appeal are mooted by our reversal.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
McCORD, ERVIN and SHAW, JJ., concur.