492 So.2d 812 (1986)
TEXACO, INC., Appellant,
v.
GILTAK CORP., Kenneth S. Takacs and Jacqueline M. Takacs, His Wife, Foster O. Gilece and Jean C. Gilece, His Wife, Appellees.
No. BF-495.
District Court of Appeal of Florida, First District.
August 12, 1986.
*813 J. Joseph Hughes, Tallahassee, for appellant.
Charles A. Francis and Mary L. Sweet of Francis & Sweet, Tallahassee, for appellees Giltak Corp., Kenneth S. Takacs, Jacqueline M. Takacs and Foster O. Gilece.
J.C. O'Steen, Tallahassee, for appellee Jean C. Gilece.

ON MOTION FOR CLARIFICATION
SHIVERS, Judge.
We grant appellees' Motion for Clarification and amend to clarify our May 7, 1986 opinion as follows:
Texaco, Inc. (plaintiff/appellant) appeals final judgment granting the appellee personal guarantors' motion for directed verdict. The trial court found that Texaco failed to prove consideration for the guaranty. We reverse and remand for a new trial.
Defendants/Appellees Takacs and Gilece were officers and directors of Giltak Corp. (Giltak) which operated a Texaco franchise at a truck stop in Bonifay. In setting up the franchise arrangement, Giltak and Texaco on May 1, 1981 executed several contracts relating to the supply and retail sale of Texaco products. At about the same time, Mr. Takacs and Mr. Gilece executed a personal guaranty of payment of present and future indebtedness of Giltak to Texaco. This guaranty was not sued upon or placed in evidence. A second guaranty of payment was signed on December 10, 1981 by appellees Messrs. Takacs and Gilece and by their appellee wives. Giltak subsequently defaulted on money owed Texaco. Texaco sued Giltak on an open account balance of $55,988.73 and sued the appellees on the second guaranty.
The trial court granted partial summary judgment against Giltak in the amount of $55,988.73. After a bench trial on the issue of whether the Takacs and the Gileces were liable on the second guaranty, the court granted their motion for a directed verdict against Texaco, on the ground that Texaco failed to prove there was any consideration for the execution of the second guaranty.
In order to support a directed verdict for defendant at the close of the plaintiff's evidence it should be clear that there is no evidence whatsoever that could in law support a verdict for the plaintiff. Teare v. Local Union No. 295, of the United Ass'n of Journeymen and Apprentices of Plumbers and Pipe Fitters Industry of U.S. and Canada, 98 So.2d 79, 82 (Fla. 1957). This court must indulge in every reasonable inference from evidence which is favorable to the plaintiff. Id. at 81. If an appellate court finds, on review of a directed verdict, that the trial court erred in granting the motion, judgment will be reversed and the cause remanded for new trial. Greenberg v. Post, 155 Fla. 135, 19 So.2d 714, 716 (1944); Deatrick Leasing *814 Corp. v. Rand's Paint and Body Shop, Inc., 247 So.2d 532 (Fla. 3d DCA 1971), cert. denied, 252 So.2d 801 (Fla. 1971). We, therefore, review the record to consider the facts and reasonable inferences most favorable to Texaco on the question of whether there was any evidence whatsoever that could in law support a verdict for Texaco.
Texaco argues that the evidence shows the second guaranty is supported by consideration and is enforceable. A guaranty is a contract which, like all contracts, must be supported by consideration. 38 C.J.S. Guaranty s. 23 (1943). When principal and guaranty contracts are executed as part of the same transaction, the consideration supporting the principal contract also supports the guaranty. Id. s. 26(b). A guaranty executed subsequent to the principal contract and not a part of the same transaction must be supported by a new consideration. Id. Past consideration generally will not support a new promise to pay. 11 Fla. Jur. 2d Contracts s. 72 (1979). New consideration is required to support a promise to pay obligations under the principal contract which have arisen between the time of the execution of the principal contract and the subsequent guaranty. In Gibbs v. American National Bank of Jacksonville, 155 So.2d 651 (Fla. 1st DCA 1963), cert. discharged, 170 So.2d 821 (Fla. 1964), we held that a guaranty which states that it covers future advances as well as existing indebtedness operates to cover obligations which arose under the principal contract before the execution of the guaranty. Here, the second guaranty covers "any and all present and future indebtedness" and specifically "encompasses debtor's purchases of goods on account." Thus, a consideration that supports the guaranty of future indebtedness will also support the guaranty of indebtedness existing at the time of execution of the second guaranty.
Texaco gave consideration for the second guaranty when it extended future credit by delivering products to Giltak on account. It is not necessary that Texaco suffer a detriment at the time of the guaranty's execution. Brandon v. Pittman, 158 So. 443, 444 (Fla. 1934). Until the time when Texaco gave a new consideration, the second guaranty was in the nature of a unilateral contract. See 11 Fla. Jur. 2d Contracts s. 6 (1979). The contract became binding on the parties when Texaco extended future credit on the faith of the guaranty.
If one, to strengthen the credit of a third person, agrees with a seller to be responsible for goods sold in the future by him to that third person and the seller accepts the agreement, and acts upon it, the agreement is founded on a valid consideration. See Ferst v. Blackwell, 39 Fla. 621, 22 So. 892 (1897). Thus, the Takacs and Gileces are liable on the second guaranty for the entire amount Giltak owes Texaco under the primary contracts.
Appellees argue that Texaco's delivery of products cannot constitute a consideration for the second guaranty because Texaco was only doing what it was already bound to do under the primary contracts. See Hogan v. Supreme Camp of the American Woodmen, 1 So.2d 256, 258 (Fla. 1941); International Shoe Co. v. Carmichael, 114 So.2d 436, 437 (Fla. 1st DCA 1959). While it is true that Texaco was obligated under the primary contracts to sell certain products to Giltak, the contracts do not indicate that Texaco was obligated to do so on credit. The terms were cash on delivery. The contracts also gave Texaco the right to suspend further delivery of product if payment was not made within ten days of delivery. Thus, in extending credit by delivering product to Giltak on account after the execution of the second guaranty, Texaco was not merely doing something that it was already under a legal obligation to do.
Appellee Jean Gilece argues that the wives are not bound by the guaranty because no consideration flowed directly to them. It is not necessary that consideration flow directly to the guarantors. It is sufficient that the new consideration move toward the principal debtor. Ferst, 22 So. *815 at 894; Restatement (Second) Contracts s. 71, comment e, illustration 14 (1979).
Based on our review of the record on appeal we find that plaintiff Texaco presented sufficient evidence to reasonably infer the existence of consideration for the second guaranty. In our view, Texaco has made a prima facie case that calls for explanation or rebuttal on the part of the defendants. The trial court erred in granting the motion for directed verdict.
REVERSED and REMANDED for a new trial.
JOANOS and NIMMONS, JJ., concur.