KLEIN, Judge.
Barnett Bank sued Robert Burgs on a guaranty he signed for a promissory note executed by his wife. His wife executed the note on July 9,1991, and Burgs executed the guaranty on September 13, 1991. The trial judge granted Burgs’ motion for judgment on the pleadings, reasoning that since Burgs’ guaranty was executed after the execution of the promissory note and the making of the loan, there was no consideration for the guaranty. We reverse.
The trial court relied on Texaco, Inc. v. Giltak Corp., 492 So.2d 812 (Fla. 1st DCA 1986), in which the court held that where a guaranty is executed subsequent to the principal contract, and was not a part of that transaction, the guaranty must be supported by new consideration. The distinction between that case and the present case is that in the present case Barnett Bank alleged that Burgs’ guaranty was a condition of the making of the original loan, and that he was supposed to have signed the guaranty at the same time that his wife signed the note and received the loan.
Under Burgs’ reasoning, the timing of the signature of the guaranty controls whether the guaranty is enforceable; however, the Texaco case on which Burgs places his sole reliance makes it clear that the issue is not merely timing, but rather whether there was consideration for the guaranty. Since in the present ease Barnett alleges that Burgs was *596 supposed to have signed the guaranty at the same time his wife signed the promissory note and received the loan, the court erred in entering a judgment on the pleadings in favor of Burgs.
Reversed.
GUNTHER and STEVENSON, JJ., concur.