346 So.2d 1242 (1977)
D.L. CURLS, As Trustee, Appellant,
v.
Ernest TEW, Individually and As Trustee, Investment Enterprises, Inc., a Florida Corporation, and Ernest Tew & Associates, Inc., a Florida Corporation, Appellees.
No. DD-273.
District Court of Appeal of Florida, First District.
June 20, 1977.
*1243 Young J. Simmons of Green, Simmons, Green & Hightower, Ocala, for appellant.
Larry G. Turner, Gainesville, for appellees.
PER CURIAM.
Appellant, who was plaintiff in the trial court, brought suit for rescission of a contract for the sale of land, seeking return of the $20,000 binder payment made simultaneously with the execution of the contract. The case went to trial before the judge without a jury. At the conclusion of the plaintiff's presentation of evidence appellees moved for an involuntary dismissal pursuant to Fla.R.Civ.P. 1.420(b) which was granted. This appeal followed.
A motion pursuant to the above-mentioned rule is in the nature of the motion formerly known as a motion for directed verdict. The same law is applicable. If substantial competent evidence has been adduced, though conflicting, which, when considered in the light most favorable to the non-moving party would sustain a judgment in favor of that party then the motion should not be granted. A trial judge may not weigh evidence when ruling on a defendant's motion pursuant to Rule 1.420(b) following the presentation of a prima facie case by a plaintiff. (See Tillman v. Baskin, 260 So.2d 509 (Fla. 1972) and Realty Marts, Inc. v. Barlow, 312 So.2d 544 (Fla. 1st DCA 1975).
Although we have grave doubts as to the correctness of the conclusions of the learned trial judge had the case been in such a posture as to have permitted final determination on the merits, we refrain from addressing the merits at this time and rest our decision instead on the narrow ground of the propriety of the order of involuntary dismissal, which we find and hold was improperly entered because the record clearly reveals substantial competent evidence in support of the claim asserted by the plaintiff.
Reversed and remanded for a trial on the merits.
BOYER, C.J., and McCORD and MILLS, JJ., concur.