550 So.2d 169 (1989)
David DAY and Julia Day, Appellants,
v.
Rashid AMINI and H. Javier Castano, Appellees.
No. 89-00136.
District Court of Appeal of Florida, Second District.
October 20, 1989.
*170 Daren Shippy of Batchelor and Shippy, P.A., Bonita Springs, for appellants.
Jeffrey C. Quinn of Sparkman, Erickson & Quinn, P.A., Naples, for appellees.
SCHEB, Acting Chief Judge.
Appellants/Defendants David and Julia Day challenge a judgment in favor of Appellees/Plaintiffs Rashid Amini and H. Javier Castano. We find merit only in Appellant Julia Day's argument that the court erred in denying her motion for involuntary dismissal at the close of plaintiffs' case.
In their amended complaint, Amini and Castano sought reimbursement for improvements made to the cocktail lounge in Naples, Florida, operated by David Day, and to recover their investment in a liquor inventory. The evidence in the nonjury trial revealed that in January 1987, Amini and Castano discussed operating the lounge with David Day. David Day's wife, Julia Day, was present when the parties reached a verbal agreement, whereby David Day would purchase the liquor and be reimbursed by Amini and Castano. The lounge would continue to operate under David Day's liquor license. Although the parties never entered into a written contract, Amini and Castano continued to operate the lounge, paying David Day for the liquor inventory and making numerous improvements to the lounge. In April 1987, the parties had a disagreement which culminated in David Day's locking Amini and Castano out of the lounge.
At the conclusion of the trial, the court found that Amini and Castano were entitled to recover, having proved conversion by and unjust enrichment of the Days. The court entered a final judgment against David and Julia Day for $9,545.30 plus costs, and this appeal ensued.
*171 Of the points raised by the Days on appeal, only the point raised by Julia Day has merit. At the close of the plaintiffs' case, pursuant to Florida Rule of Civil Procedure 1.420(b), the Days moved for involuntary dismissal of the claims against each of them. The court denied their motions. The Days then presented their case and at the close of all the evidence renewed their motions for involuntary dismissal. Again, the court denied the motions. We conclude that the court erred in denying the motion made on behalf of Julia Day.
A motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b), which is used in nonjury trials, was formerly known as a motion for directed verdict, and the same law is applicable. Curls v. Tew, 346 So.2d 1242 (Fla. 1st DCA 1977). In making the motion, the movant admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon favorable to the non-moving party. See Hartnett v. Fowler, 94 So.2d 724 (Fla. 1957). Where the plaintiff has presented a prima facie case and different conclusions or inferences can be drawn from the evidence, the trial judge should not grant a motion for involuntary dismissal. Tillman v. Baskin, 260 So.2d 509 (Fla. 1972). However, where the evidence offered by the plaintiffs, considered in the light most favorable to them, does not establish a prima facie case, it is incumbent on the trial judge to grant the motion. See Greenberg v. Post, 155 Fla. 135, 19 So.2d 714 (1944) (en banc); Curls v. Tew.
In construing the evidence favorably to plaintiffs Amini and Castano, it is important to bear in mind that this was an action for conversion and unjust enrichment, not an action in contract. Conversion occurs when a person with a right to possess property demands its return and the demand is not or cannot be met. A demand is unnecessary where it would be futile. Shelby Mutual Ins. Co. v. Crain Press, Inc., 481 So.2d 501 (Fla. 2d DCA 1985), review denied, 491 So.2d 278 (1986). Here, the plaintiffs' evidence established merely that Julia Day was present at the initial meeting when the parties discussed operating the lounge. Although Mr. Castano testified that the agreement was with Mr. and Mrs. Day, there was no showing during the plaintiffs' case that Julia Day converted any property. No demand was made of her nor was it shown that a demand would be futile. Furthermore, there was not even a showing that Julia Day owned the property enriched by the plaintiffs' improvements. Finally, Julia Day's presence at the preliminary meeting, without more, is not sufficient for a trier of fact to infer or reasonably conclude that she participated in the conversion of property belonging to Amini and Castano or that she was in any way enriched by plaintiffs' actions.
We recognize that the plaintiffs' brief focuses on the fact that Julia Day made certain statements in the defendants' case from which it may be inferred that the plaintiffs had a cause of action against her for conversion and unjust enrichment. However, in viewing the evidence presented by the plaintiffs, we find the trial court erred by denying Julia Day's motion for involuntary dismissal at the close of plaintiffs' case. Therefore, we do not consider the evidence presented during the defendants' case.
We affirm the judgment against David Day, vacate the judgment against Julia Day, and remand with directions to enter an amended judgment accordingly.
RYDER and PARKER, JJ., concur.