THREADGILL, Judge.
Banyan Corporation and Carolyn V. Smith, plaintiffs below, brought these consolidated appeals from final judgments entered in this action for division of a real estate commission. We affirm the final judgment entered in favor of Schucklat Realty, Inc. (SRI) on the claim by Ms. Smith, but reverse the involuntary dismissal against Banyan and the award of attorney’s fees and costs to SRI.
We find that the evidence presented by Banyan at non-jury trial established a *1282 prima facie case and that the trial court erred in granting involuntary dismissal. Where a plaintiff has presented a prima facie case, and different conclusions can be drawn from the evidence, a trial court should not grant a motion for involuntary dismissal. Day v. Amini, 550 So.2d 169 (Fla. 2d DCA 1989). Banyan presented evidence that in February of 1988 Carolyn Smith, a broker/salesperson with SRI, advised her mother, Sally Santini, of the availability of a certain tract of land. Sally Santini was a real estate salesperson whose license was registered with Banyan. She was interested in purchasing land for development. Ms. Santini testified that on several occasions she met with Ms. Smith and Tina Schucklat, broker of record for SRI, to discuss the property. She also testified that in March of 1988, they agreed that if Ms. Santini were to purchase the property, Ms. Santini would receive one-half of any commission paid and Ms. Smith and Ms. Schucklat would divide the remaining fifty percent.
Ms. Santini actively negotiated the contract for sale and purchase of the property with the seller, and the sale was closed in January of 1990. SRI was paid a real estate commission by the seller. Banyan Corporation, as Ms. Santini’s broker, made a written demand to SRI for fifty percent of the commission. Carolyn Smith also made a demand pursuant to her salesperson’s contract with SRI for thirty-seven and one-half percent of the remaining commission. When SRI failed to pay, Banyan and Smith brought this action.
After Banyan and Ms. Smith rested their case-in-chief, counsel for SRI moved for involuntary dismissal against Banyan, pursuant to Florida Rule of Civil Procedure 1.420(b). The trial court granted the motion without comment.
In moving for involuntary dismissal, SRI argued, and the trial court apparently agreed, that Ms. Santini, as a real estate salesperson, did not have authority to enter into a contract for the division of the commission. SRI argued that because section 475.42(d), Florida Statutes (1989)[1] prohibits a real estate salesperson from collecting a commission except in the name of the employer and with the employer’s express consent, it follows that a salesperson may not even contract for a commission. SRI, however, fails to cite any authority for this proposition, and the plain language of the statute does not prohibit a salesperson from entering such an agreement.
SRI also argued that Banyan failed to prove Ms. Santini acted as an agent of Banyan at the time the agreement for commission was allegedly entered. Ms. Santini testified that her salesperson’s license was registered with Banyan both when the commission agreement was made and when the contract for sale and purchase was entered. John Santini, broker for Banyan, testified that he agreed with Ms. Santini to handle the commission any way she desired, and that he agreed to collect the commission through Banyan. It is not clear from the record whether he agreed to this arrangement before Ms. Santini entered into the commission agreement with SRI. Even if Ms. Santini entered the commission agreement before consulting with Mr. Santini, his subsequent agreement could act as a ratification of her acts. A principal may subsequently ratify its agent’s act, even if originally unauthorized, and such ratification relates back and supplies original authority. Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178 (Fla. 3d DCA 1985), rev. den., 476 So.2d 675 (Fla.1985).
The Fifth District, in Marks v. M.S.F. Management Corp., 540 So.2d 138 *1283 (Fla. 5th DCA 1989), held that a real estate broker acquired an interest in a commission agreement entered into by a salesperson registered with him at the time a sales contract was executed, even though the broker had no knowledge of the commission agreement. Under Marks, Banyan would have acquired an interest in the commission agreement entered into by Ms. San-tini even if Mr. Santini had no knowledge of Ms. Santini’s actions. Banyan, therefore, was the proper party under section 475.42(d) to bring the action for Ms. Santi-ni’s commission.
Banyan and Ms. Smith also appealed the trial court’s award of attorney’s fees and court costs to SRI under sections 45.061 and 768.79, Florida Statutes. The award of fees and costs, entered jointly and severally against Banyan and Smith, was based upon their refusal to accept an offer of judgment from SRI. Because we reverse the involuntary dismissal entered against Banyan, we also reverse the attorney’s fees and costs award for reconsideration by the trial court.
We have considered Ms. Smith’s points on appeal and find them to be without merit.
In summary, we affirm the final judgment entered in favor of SRI and against Ms. Smith. We reverse the order granting involuntary dismissal of Banyan’s claim and remand for further proceedings. We also reverse the joint and several award of attorney’s fees and costs, and remand for reconsideration.
Affirmed in part; reversed in part and remanded.
RYDER, A.C.J., and SCHOONOVER, J., concur.

. Section 475.42(d) provides: No salesperson shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer and with the express consent of the employer; and no real estate salesperson, whether the holder of a valid and current license or not, shall com-menee or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as his employer at the time the salesperson performed the act or rendered the service for which the commission or compensation is due.