PER CURIAM.
We reverse the entry of final judgment in favor of appellee, the defendant below, pursuant to an involuntary dismissal,[1] granted at the close of appellants’ case in chief in a nonjury trial for the alleged breach of a health insurance contract. Florida law is clear that a motion for involuntary dismiss *857 al made by the defendant must be denied if the plaintiff has presented competent, substantial evidence (even though conflicting) that, when considered in a light most favorable to plaintiff, establishes a prima facie case. Tillman v. Baskin, 260 So.2d 509, 511-12 (Fla.1972); Wygodny v. K-Site 600 Assocs., 644 So.2d 579, 581 (Fla. 3d DCA 1994); Capital Media, Inc. v. Haase, 639 So.2d 632, 633 (Fla. 2d DCA 1994); Foster v. City of Gainesville, 579 So.2d 774, 776 (Fla. 1st DCA 1991); Saporito v. Madras, 576 So.2d 1342, 1345 (Fla. 5th DCA 1991). At this stage of the proceedings, the trial judge, even though the ultimate trier of fact, is precluded from weighing the evidence or adjudging its credibility. E.g., Wygodny, 644 So.2d at 581.
Our review of the competent, substantial evidence adduced by appellants in their ease in chief reveals that it sufficiently made a prima facie showing of the existence of a contract for insurance; the breach thereof by appellee and resulting damages by appellants. Where such a prima facie showing was made, the trial court was thus precluded from weighing such evidence and/or adjudging its credibility to enter an involuntary dismissal in favor of appellee. Consequently, the entry of the involuntary dismissal and the final judgment entered pursuant to this dismissal constitute reversible error.
Reversed and remanded.

. The final judgment actually recites that it was entered pursuant to a directed verdict but we note that in a bench trial, a Rule 1.420(b), Fla.R.Civ.P. motion for involuntary dismissal is the proper method by which a defendant may obtain a judgment in his favor following the presentation of the plaintiff's case in chief. Tillman v. Baskin, 260 So.2d 509, 510-11 (Fla.1972); Wygodny v. K-Site 600 Associates, 644 So.2d 579, 581 n. 2 (Fla. 3d DCA 1994); Thalgott v. Thalgott, 571 So.2d 1368, 1370 n. 3 (Fla. 1st DCA 1990).