POLEN, Judge.
In case number 95-0193, Security Abstract and Insurance Co. d/b/a Stewart Title of Palm Beach County (Stewart Title) appeals from a Final Judgment of Involuntary Dismissal entered in favor of Fidelity National Title Insurance Company of Pennsylvania (Fidelity), Darryl Tyson, Victoria L. Sampson and Arlene Burnette. In case number 95-1272, Stewart Title appeals from an Order on Motion for Costs. We sua sponte consolidate these cases for opinion purposes; we affirm the granting of the involuntary dismissal, but reverse the order granting costs.
Stewart Title and Fidelity are competing title insurance companies. Victoria Sampson and Arlene Burnette terminated their employment with Stewart Title and went to work for Fidelity. As a result, Stewart Title filed a multi-count complaint against Fidelity, Darryl Tyson (a district manager and officer of Fidelity), and Sampson and Burnette alleging that Sampson and Burnette breached their fiduciary duty to Stewart Title, as well as a conspiracy by all parties to have Sampson and Burnette breach this duty of loyalty. Counts for tortious interference with a business relationship, misappropriation of trade secrets, and unfair competition were also included in this complaint.
We hold that the trial court properly granted an involuntary dismissal as to all these counts at the close of plaintiffs case, because Stewart Title failed to establish a prima facie case as to any of them. Fla. R.Civ.P. 1.420(b); Cohen v. Boca Woods Country Club, POA, 632 So.2d 1142 (Fla. 4th DCA 1994) (it is only proper to enter an involuntary dismissal when the evidence, considered in the light most favorable to the non-moving party, fails to establish a prima facie case on the non-moving party’s claim). We do, however, reverse the order awarding costs for the trial court to consider the Statewide Uniform Guidelines for the Taxation of Costs in Civil Actions in determining whether each item of costs is taxable.
*659 AFFIRM IN PART, REVERSE IN PART.
WARNER and STEVENSON, JJ., concur.