744 So.2d 1230 (1999)
Roman TELLER, Appellant,
v.
Elizabeth Katherine RICHERT, Appellee.
No. 97-3441.
District Court of Appeal of Florida, Third District.
November 10, 1999.
Charlotte E. Karlan, Miami, for appellant.
Elizabeth K. Richert, in proper person.
Before COPE, GREEN, and FLETCHER, JJ.

ON MOTION FOR REHEARING and/or CLARIFICATION
FLETCHER, Judge.
On consideration of appellee's Motion for Rehearing and/or Clarification, the *1231 opinion of this court filed on August 18, 1999, is withdrawn and this opinion is substituted in its stead.
This is an appeal by Roman Teller [the father] from an order in post-dissolution proceedings in which he is seeking modification of the custody provisions of the final judgment. Based upon a careful and thorough review of the transcript of the one-week hearing held before a general master,[1] we conclude that the father presented sufficient competent evidence to withstand the motion for a directed verdict (or, more properly in a bench trial, a motion for involuntary dismissal) made by Elizabeth K. Richert [the mother].
The parties were married in 1984, shortly after the birth of their son, Yonnar, and were legally divorced on December 29, 1989. The final judgment of dissolution awarded sole parental responsibility for Yonnar to the mother in accordance with a settlement agreement allegedly entered into between the parties. Notwithstanding the dissolution, however, the couple continued living as husband and wife, together with their minor child, until July 4, 1992, when the father left the marital home. Almost immediately the father initiated his efforts to obtain relief from the custody provisions of the dissolution judgment which he alleged had been based upon a fraudulent agreement.
In accordance with the current standard for modification of custody orders, the father petitioned for modification on the grounds that there had been a substantial change in circumstances and that a change of custody would be in the child's best interests. Skirko v. Skirko, 677 So.2d 885 (Fla. 3d DCA 1996), rev, denied, 689 So.2d 1071 (Fla.1997); Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996). In support of his claims, the father attempted to show that the mother engaged in inappropriate conduct toward teenage boys and persistently interfered with his relationship with his son to the point that his son had been completely alienated from him. We disagree with the general master's finding, subsequently ratified by the trial court, that the evidence presented by the father was insufficient to support his claims.
For present purposes we must accept as true the testimony of the father's witnesses. With regard to the allegations of alienation,[2] the father and other witnesses testified that Yonnar enjoyed a close relationship with his father until the parties' separation in 1992. The father and son shared an interest in table tennis, chess and soccer and the father coached his son's soccer team. Problems began soon after the separation, however, and increased when the father initiated proceedings to change the custody arrangements. The father testified that the mother frequently stopped visitations without explanations and denied him any contact with his son for extended periods of time. Indeed, since September of 1995, the father has had no contact at all with his son.
The father also presented the testimony of Dr. Joel Klass, who after evaluating the child and his parents, came to the conclusion that the mother was guilty of severely alienating the child from his father. He opined that Yonnar denied any sympathy toward the father in order to maintain his allegiance to the mother. Dr. Klass testified that renewing the relationship with the father would be in the child's best interest. We note that interference with a noncustodial parent's visitation right has been found to be sufficient to warrant a change of custody if the change is in the *1232 child's best interest. See Compton v. Compton, 701 So.2d 110 (Fla. 5th DCA 1997); Steiner v. Romano-Steiner, 687 So.2d 21 (Fla. 5th DCA 1996).
We find the evidence presented by the father to be sufficient to overcome the mother's motion for directed verdict. For this reason, we reverse and remand this cause with directions that the lower court determine the custody issue after both sides have had an opportunity to fully present their evidence.[3]
Reversed and remanded for further proceedings.
NOTES
[1] Viewed, as required on a motion for directed verdict or for involuntary dismissal, in a light most favorable to the non-moving party, the father herein. Haskin v. Haskin, 677 So.2d 376 (Fla. 4th DCA 1996); Valdes v. Association I.N.E.D., H.M.O., Inc., 667 So.2d 856 (Fla. 3d DCA 1996).
[2] Concerning the allegations of inappropriate conduct toward teenage boys, the father presented the testimony of several witnesses which we find no need to discuss in detail here, but which, if believed, tended to prove the alleged conduct.
[3] Although the father did present his evidence before entry of the directed verdict, because of the delay occasioned by this appeal the trial court may wish to begin again so as to obtain a complete factual account of the case.