PER CURIAM.
Heidi Raleigh (the mother) appeals from the supplemental final judgment which changes custody of the parties’ children from the mother, who resides in Massachusetts, to Derek Smith (the father), who resides in Florida. We affirm.
The mother argues that the trial court erred in changing the primary residence of the children to the father under section 61.13(4)(c)(5), Florida Statutes (2001), without considering whether the change was in the best interests of the children. That section permits a change of custody when a custodial parent refuses to honor visitation rights without proper cause if the award is in the best interest of the child. Section 61.13(4)(c) also recommends several other, less drastic measures to compel visitation, such as ordering extra visitation or rotating custody.
Here, the trial court had previously tried other options such as extended visitation, which the mother circumvented by having the Massachusetts court suspend the visitation. Because of the mother’s interference with the father’s visitation and her history of willfully refusing to comply with court orders, the court felt it would be futile to order such visitation again. The trial court concluded that anything other than a change of custody would effectively result in the termination of the father’s parental rights.
As the mother argues, “[frustration of visitation alone will not justify a change of custody. The trial court must consider whether it is in the child’s best interest to change custody.” Julian v. Bryan, 710 So.2d 1037, 1038 (Fla. 2d DCA 1998). Here, the trial court considered the mother’s hostile attitude toward the father and her interference with his visitation rights. The court found that due to the mother’s behavior it was in the best interests of the children for the father to be designated the primary residential parent and that it would be detrimental to the children not to make this change.
We agree with the mother that a change of custody to a father who has been willfully absent from the children’s lives for years seems extremely harsh. However, the mother has destroyed any standing she may have had to complain by her complete lack of regard for the trial court’s orders. Most recently, the mother has refused to allow the father to have custody of the children, even though her motions for rehearing, for relief from judgment, and for a stay were all denied. Based on her persistent noncompliance, it appears that the trial court has been proven correct in its assessment of the situation. Accordingly, we affirm.
Affirmed.
CASANUEVA, KELLY, and VILLANTI, JJ„ Concur.