KAHN, J.
Appellant, Rachel Kaschak, challenges the trial court’s order transferring primary residential responsibility of the parties’ minor children to her former husband, Daniel Kaschak. The primary issue in this case is whether a trial court must expressly find a substantial change in circumstances before modifying custody pursuant to section 61.13(4)(c)5., Florida Statutes (2003). We find, under the language of the statute, that a change in circumstances, other than the circumstance described in the statute, need not be shown and, therefore, we affirm.
The trial court transferred primary residential custody to Mr. Kaschak by a thorough and articulate order setting out Mrs. Kasehak’s repeated disregard of Mr. Kasc-hak’s visitation rights. By enacting section 61.13(4)(c), the Legislature addressed the problem of a custodial parent denying the visitation rights of the noncustodial parent. In pertinent part, that statute provides:
(c) When a custodial parent refuses to honor a noncustodial parent’s ... visitation rights without proper cause, the court shall ... award the noncustodial parent ... a sufficient amount of extra visitation to compensate the noncustodial parent or grandparent.... In addition, the court:
[[Image here]]
*428 5. May award custody, rotating custody, or primary residence to the noncustodial parent, upon request of the noncustodial parent, if the award is in the best interests of the child....
The plain language of the statute indicates that a modification of custody, pursuant to section 61.13(4)(e)5., requires: (1) a custody modification request by the noncustodial parent; (2) a showing that the custodial parent has denied the noncustodial parent’s visitation rights without “proper cause” and; (3) a determination by' the trial court that a modification of custody is in the best interests of the parties’ children. Upon a- thorough review of the entire record, we find that all three of the above elements were satisfied in this case. The trial court’s findings amply demonstrate that its decision was premised upon the consideration of the best interests of the parties’ minor children.
Notwithstanding the plain language of the statute, Mrs. Kaschak, insists that the trial court may not transfer custody without finding a “substantial change in circumstances.” We are of the view that the Legislature, in drafting section 61.13(4)(c)5., intended to alter the burden for modification placed upon a noncustodial parent who has been denied his or her visitation rights without proper cause. It is not important. whether one views the effect of the statute as completely eliminating the requirement of showing a substantial change in circumstances or as simply defining the improper denial of visitation as a substantial change in circumstances. Under either view, the outcome remains unchanged. Our interpretation of section 61.13(4)(c)5. is consistent with decisions rendered by our sister courts. See, e.g., Raleigh v. Smith, 882 So.2d 1055, 1056 (Fla. 2d DCA 2004); Leeds v. Adamse, 832 So.2d 125, 128 (Fla. 4th DCA 2002); Teller v. Richert, 744 So.2d 1230, 1231-32 (Fla. 3d DCA 1999); Williams v. Williams, 676 So.2d 493, 495 n. 1 (Fla. 5th DCA 1996).
We have considered the other arguments presented by Mrs. Kaschak on appeal regarding the sufficiency of the trial court’s findings and the evidence before it and find those arguments to be without merit. Accordingly, we AFFIRM the order transferring primary residential responsibility to Mr. Kaschak.
ERVIN and BARFIELD, JJ., Concur.