TORPY, J.
In this insurance contract dispute, we are asked to review the propriety of the lower court’s order that granted an involuntary dismissal, and final judgment thereon, at the close of Appellant’s case. Due to the procedural posture of the case at dismissal, our review is de novo, and we must view the evidence and all reasonable inferences therefrom in the light most favorable to Appellant. Under this standard of review, we conclude that the trial court erred when it granted the dismissal.
The issue in this case is whether Appel-lee has an obligation to repair a plumbing abnormality under a provision in the insurance policy that covers “accidental direct physical loss” to the property. The evidence established that Appellant called a plumber to repair a baeked-up toilet. During his investigation of the cause of the problem, the plumber discovered that the drain pipe connecting the toilet to the sewer pipe had become “backpitched,” thereby impeding the flow of water. Because the pipe was beneath the slab and had not been excavated at the time of trial, the plumber could not determine the exact cause of the abnormality. Among the possible causes advanced by the plumber, however, were settlement under the pipe, erosion or a sinkhole. The plumber concluded that the condition was neither a construction defect nor the result of erosion caused by a leak in the plumbing system.
At the conclusion of Plaintiffs case, the trial judge granted an involuntary dismissal for two reasons: First, because there was no evidence of damage from the obstructed toilet, the court concluded that there was not a “physical loss” to the property. Second, the court concluded that, even if a “physical loss” were sufficiently proven, the policy exclusion for earth movement applied. We disagree with both conclusions.
As to the issue of whether evidence was adduced of a “physical loss,” we conclude that the abnormality in the pipe itself was such a “loss.” Under the language of the policy, it was not necessary for Appellant to establish any resulting damage from this condition.[1]
The second basis for the involuntary dismissal, the earth movement exclusion, was likewise erroneous at this juncture of the trial because the burden of proof was on Appellee to establish that the exclusion applied. State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245 (Fla.1986). The evidence adduced by Appellant offered several possible causes for the backpitched pipe, not all of which would *151 have been excluded under the earth movement provision.[2] Because the burden was on Appellee to establish that the exclusion applied, the dismissal was premature.
Based on the forgoing, we reverse and remand this cause for a new trial.
REVERSED AND REMANDED.
SHARP, W., and LAWSON, JJ., concur.

. On appeal, Appellee argues that insufficient proof was adduced to show that the loss was “accidental,” in that no testimony was offered to show that the condition was sudden and unexpected. See Braley v. American Home Assurance Co., 354 So.2d 904, 905 (Fla. 2d DCA 1978) ("accident” is "[a]n event which takes place without one's foresight or expectation; an undesigned, sudden and unexpected event”). Although not the basis on which the trial court ruled, Appellee did briefly advance this argument below. Nevertheless, we decline to affirm the trial court on this basis. We think that the reasonable inferences from the evidence on this point are sufficient to overcome involuntary dismissal.

. A loss due to a "sinkhole,” for example, is expressly excluded under die definition of earth movement. See § 627.706, Fla. Stat. (2002).