PER CURIAM.
The issue on appeal is whether the trial court properly granted a motion for involuntary dismissal of an incapacity proceeding. Appellant H. Lee Mills filed a petition to determine the capacity of his mother, Appellee Helen M. Mills,[1] in order to potentially challenge certain changes that were made to his parents’ estate planning documents by other family members. In his petition, Mr. Mills described his mother’s mental and physical health as “declining” and stated that “[h]er memory is failing and she exhibits confusion, irrationality and fabrication in her behavior.” During his case-in-chief, several witnesses offered testimony. Mrs. Mills’s granddaughter testified about her grandmother’s phobias, routines, examples of odd behavior throughout the years, and said that as long “as you stayed out of her path, you were fine” because she was “like a loaded cannon waiting to explode.” An expert committee of three medical professionals also examined Mrs. Mills and unanimously concluded that she lacked capacity. On cross-examination, counsel for Mrs. Mills and counsel for her other son, Lyn Mills, who intervened in the matter, attempted to impeach some of the assumptions and statements made by the examining committee. In addition, Mrs. Mills’s primary care physician testified that she was frail and probably weak, that her husband’s medical conditions were causing her a lot of mental anguish, but that he felt as though “she was very competent, able to make decisions.”
At the conclusion of Mr. Mills’s ease-in-chief, Mrs. Mills and Lyn Mills moved for an involuntary dismissal, which the trial court granted. The trial court’s Order of Involuntary Dismissal states that Mr. Mills did not meet his burden of proving incapacity by clear and convincing evidence. This was error because the correct burden of proof for granting or denying a motion for involuntary dismissal is competent substantial evidence. See Curls v. Tew, 346 So.2d 1242, 1243 (Fla. 1st DCA 1977); Crowe v. Crowe, 763 So.2d 1183, 1184 (Fla. 4th DCA 2000); Teller v. Richert, 744 So.2d 1230, 1231 (Fla. 3d DCA 1999); Valdes v. Ass’n I.N.E.D., H.M.O., Inc., 667 So.2d 856, 857 (Fla. 3d DCA 1996).
It was also improper for the trial court to weigh the evidence, even if conflicting, at the conclusion of Mr. Mills’s case-in-chief because that task is reserved for after all of the evidence has been offered. This Court has succinctly stated that “[i]f substantial competent evidence *1147 has been adduced, though conflicting, which, when considered in the light most favorable to the non-moving party would sustain a judgment in favor of that party then the motion should not be granted.” Curls, 346 So.2d at 1243. This is true even though the trial judge may not personally feel that Mr. Mills sustained his burden of proof at that point in the trial. See Tillman v. Baskin, 260 So.2d 509, 511 (Fla.1972) (holding that a trial judge cannot weigh evidence when ruling on a defendant’s motion for involuntary dismissal following the presentation of a prima facie case by a plaintiff.) It was premature for the trial court to weigh evidence, such as the examining committee’s opinions. Accordingly, the order on appeal is reversed and the matter is remanded to the lower court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
THOMAS, RAY, and MAKAR, JJ., concur.

. Now deceased, but the case is not moot because there are collateral legal consequences that affect Mr. Mills’s rights which prevent an otherwise moot case from being dismissed.