# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2015.

————————

No. 3D15-133
Lower Tribunal No. 12-12300

————————

**Kaitlin Liptak Cozzo,**
Appellant,

vs.

**Samuel Charles Cozzo,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Kimberly L. Boldt (Boca Raton); Hoffman & Hoffman and Teresa Abood Hoffman and Maggie A. Berryman, for appellant.

Samuel C. Cozzo, in proper person.

Before WELLS, SHEPHERD and LOGUE, JJ.

SHEPHERD, J.

ON MOTION FOR REHEARING

On consideration of the motion for rehearing, clarification and/or certification filed by Samuel Charles Cozzo, we withdraw our previous opinion and substitute the following opinion.

Kaitlin Liptak Cozzo, the former wife below, appeals from an order denying her request for attorney's fees in proceedings commenced by her former husband, Samuel Charles Cozzo, soon after the parties' dissolution of marriage. Because the trial court erred in granting an involuntary dismissal mid-hearing on the motion for attorney's fees, we reverse and remand for further proceedings.

The parties' marriage was dissolved on February 19, 2013, at which time the trial court ratified the parties' mediated settlement agreement providing for the parenting and support of their two minor children. Approximately four months later, Samuel Charles Cozzo filed motions seeking to enforce the parties' parenting plan and to appoint a guardian ad litem for the children.[1] The former wife subsequently moved for attorney's fees based on the disparity between the parties' financial status, her need, and the former husband's ability to pay. The trial court proceeded to hold two evidentiary hearings to determine the reasonableness of the requested fees.

At the initial hearing, the former wife presented the testimony of an attorney fee expert, who, after reviewing the services performed by the former wife's

_____

[1] The former husband also filed other motions which are not relevant to this appeal.

2

attorney, opined that the attorney's fees incurred were reasonable. At the second hearing, counsel for former wife presented the testimony of her firm's records custodian, through whom the trial court admitted the invoice time sheets, detailing the work performed. At the conclusion of this evidence, the former husband argued the evidence presented was insufficient to prove the former wife's claim for attorney's fees and moved for a directed verdict.[2] The former husband insisted the attorney who performed the legal services in question had to testify directly. The trial court agreed and entered the order appealed from denying the motion for attorney's fees.

Florida law requires a party seeking attorney's fees to provide proof (a) "detailing the nature and extent of the services performed and … [(b)] expert testimony regarding the reasonableness of the fees." Trumbull Ins. Co. v. Wolentarski, 2 So. 3d 1050, 1055 (Fla. 3d DCA 2009) (quoting Morton v. Heathcock, 913 So. 2d 662, 669 (Fla. 3d DCA 2005)); see also, Saussy v. Saussy, 560 So. 2d 1385 (Fla. 2d DCA 1990) (applying this evidentiary standard in a dissolution case). Where a party has provided sufficient, admissible proof of these two components, no court has further mandated direct testimony from the attorney who performed the services.

---

[2] In a bench trial, the motion is properly one for involuntary dismissal. Fla. R. Civ. P. 1.420(b); Valdes v. Assoc. I.N.E.D., H.M.O., Inc., 667 So. 2d 856, n.1 (Fla. 3d DCA 1996).

Accordingly, we reverse the order denying the former wife's motion for attorney's fees for lack of evidentiary proof, and remand for further proceedings.

Reverse and remanded.

WELLS, Judge, (specially concurring).

I agree with the majority in granting rehearing to clarify that the trial court erred in granting an involuntary dismissal of the former wife's motion for attorney's fees because she purportedly failed to sufficiently establish the nature and extent of the services performed and the reasonableness of the fees incurred. I do so because as both our original opinion and the instant opinion on rehearing confirm sufficient competent, substantial evidence was adduced by the former wife below to establish both elements. I write, however, to confirm that because of the dismissal—secured at the former husband's behest—the former husband had no opportunity to adduce evidence regarding the amount of the fee to be awarded and that on remand he should be accorded that opportunity alone.