LAMBERT, J.
In this will contest case, the issue we address is whether the trial court erred in granting a motion for involuntary dismissal at the close of Appellant's case. Appellant argues that the court improperly weighed the evidence when ruling on the motion rather than determining whether Appellant had established a prima facie case on the causes of action asserted. While we agree with Appellant that the trial court applied the wrong standard in considering the motion, we nevertheless affirm the final judgment pursuant to the “tipsy coachman” doctrine.
The decedent in this case is Ann Nancy Luciani. Appellant is her son and is one of the beneficiaries under the decedent’s will, dated October 4, 2011.[1] Appellee is Appellant’s sister and the personal representative named in the decedent’s will. Appellant challenged this will on grounds that the decedent lacked testamentary capacity to execute it and that it was procured by both fraud and undue influence exercised by Appellee. At the conclusion of the presentation of Appellant’s case in this nonjury trial, Appellee moved for an involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b) on the grounds that the facts and law presented by Appellant did not establish a right to affirmative relief. The court granted the motion and entered final judgment in favor of Appel-lee. Appellant asserts that the trial court erred because he established a prima facie case as to each cause of action, which he argues is all that is necessary to avoid an involuntary dismissal.
A final “judgment entered on a trial court’s decision to grant a motion for involuntary dismissal at the close of the plaintiffs case [is reviewed] de novo.” Brundage v. Bank of America, 996 So.2d 877, 881 (Fla. 4th DCA 2008) (citing Widdows v. State Farm, Fla. Ins. Co„ 920 So.2d 149, 150 (Fla. 5th DCA 2006)).
In making a motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b), “the movant admits the truth of all facts in evidence and every reasonable conclusion or inference” that can be drawn from the evidence favorable to the non-moving party. Day v. Amini, 550 So.2d 169, 171 (Fla. 2d DCA 1989) (citing Hartnett v. Fowler, 94 So.2d 724 (Fla.1957)). “An involuntary dismissal ... is properly entered only when the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case on the non-moving party’s claim.” McCabe v. Hanley, 886 So.2d 1053, 1055 (Fla. 4th DCA 2004) (quoting Hack v. Estate of Helling, 811 So.2d 822, 825 (Fla. 5th DCA 2002)). Essentially, a plaintiff or claimant must submit competent proof on each element of the cause of action pleaded to preclude an involuntary dismissal. See Sea Tower Apartments, Inc. v. Century Nat’l Bank, 406 So.2d 69, 70 (Fla. 4th DCA 1981). “If substantial competent evidence has been adduced, though conflicting, which, when considered in the light most favorable to the non-moving party would sustain a judgment in favor of that party[,] then the motion should not be granted.” Curls v. Tew, 346 So.2d 1242, 1243 (Fla. 1st DCA 1977). “However, where the evidence of *1203 fered by the plaintiffs, considered in the light most favorable to them, does not establish a prima facie case, it is incumbent on the trial judge to grant the motion.” Day, 550 So.2d at 171 (citing Greenberg v. Post, 155 Fla. 135, 19 So.2d 714 (1944); Curls, 346 So.2d at 1243).
In the present case, it is clear from the record that the trial court improperly weighed the evidence and determined that Appellant had not met his evi-dentiary burden of proof on any of his causes of action.[2] See Curls, 346 So.2d at 1243 (“A trial judge may not weigh evidence when ruling on a defendant’s motion pursuant to Rule 1.420(b) following the presentation of a prima facie case by a plaintiff.”). The trial court should not have granted the motion based on the court’s belief that Appellant failed to meet his burden of proof. See id. “[Wjhere plaintiff has presented a prima facie case based on unimpeached evidence ... the trial judge should not grant the motion even though he is the trier of the facts and may not himself feel at that point in the trial that the plaintiff has sustained his burden of proof.” Tillman v. Baskin, 260 So.2d 509, 511 (Fla.1972) (quoting Rogge v. Weaver, 368 P.2d 810, 813 (Alaska 1962) (interpreting a prior version of Alaska Rule of Civil Procedure 41(b), which was similar to Florida Rule of Civil Procedure 1.420(b))).
We nevertheless affirm the final judgment in all respects pursuant to the “tipsy coachman” doctrine. This doctrine “allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons[,]’ so long as ‘there is any basis which would support the judgment in the record.’ ” Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999)). Having carefully reviewed the entire record and having considered the evidence presented in the light most favorable to Appellant as the non-moving party, we conclude that Appellant failed to establish a prima facie case as to his causes of action for fraud, undue influence, and lack of testamentary capacity.[3] See Sec. Abstract & Ins. Co. v. Fid. Nat’l Title Ins. Co. of Penn., 668 So.2d 658, 658 (Fla. 4th DCA 1996) (holding that the trial court properly granted an involuntary dismissal as to all counts at the close of plaintiffs case because plaintiff failed to establish a prima facie case as to any of the counts). Accordingly, because the trial judge, in granting the motion for involuntary dismissal, reached the right result, but for the wrong reason, we affirm.
AFFIRMED.
COHEN, J., and JORDAN, J.E., Associate Judge, concur.

. Decedent passed away approximately six months later on April 5, 2012.

. On appeal, Appellee does not contest that the trial court improperly weighed the evidence.

. We further conclude that Appellant waived any alleged error in the dismissal of his undue influence claim by not sufficiently addressing the error in his initial brief. City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla.1959) ("[P]oints covered by a decree of the trial court will not be considered by an appellate court unless they are properly raised and discussed in the briefs.”).