# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0114
Lower Tribunal No. 08-22359
_____


**Ramle International Corp.,**
Appellant,

vs.

**Miami-Dade County, Florida, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Albert D. Rey, P.A., and Albert D. Rey, for appellant.

Ashley Moody, Attorney General, and Randi E. Dincher, Assistant Attorney General (Tallahassee), for appellee Florida Department of Revenue; Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Jorge Martinez-Esteve and Daija Page Lifshitz, Assistant County Attorneys, for appellee Miami-Dade County.


Before EMAS, LINDSEY and LOBREE, JJ.

LOBREE, J.

Ramle International Corporation ("Ramle") appeals a final order granting Miami-Dade County's ("County") motion for involuntary dismissal of its complaint. Because Ramle failed to provide sufficient evidence to support a prima facie case for any of its claims, we affirm.

**BACKGROUND**

In 2004, Unit 2405 of the Club Atlantis Condominium in Miami Beach, Florida ("the property"), was sold via a tax deed sale. The sale resulted in surplus proceeds in the amount of $262,412.08. After receiving no claims to the surplus proceeds, the Miami-Dade County Clerk, Harvey Ruvin ("the Clerk") transferred the funds to the County.

Four years later, Ramle filed a complaint against the County alleging the former property owners assigned their rights in the property to Ramle and it was therefore entitled to the surplus proceeds. Ramle later amended its complaint to assert new claims and add the Clerk, the State of Florida ("State"), and the Florida Department of Revenue ("DOR") as parties.

In the 2015 operative second amended complaint, Ramle raised six claims: (1) damages resulting from failure to pay surplus proceeds to Ramle; (2) declaratory judgment finding section 197.473, Florida Statutes (2004),[1]

---

[1] As the statutes at issue were subsequently amended, this case pertains only to the statutory provisions in effect at the time of the tax deed sale.

unconstitutional per se; (3) declaratory judgment finding section 197.473 unconstitutional as applied; (4) declaratory judgment finding section 197.582(2), Florida Statutes (2004), unconstitutional per se; (5) declaratory judgment finding section 197.582(2) unconstitutional as applied; and (6) money had and received. The County, DOR and the Clerk filed answers and affirmative defenses. In 2019, the Clerk was dismissed from the case after the trial court entered final summary judgment in its favor. Ramle did not appeal that judgment.

The matter proceeded to a non-jury trial on October 28, 2019. Ramle called one witness—Maher Ghafir, Ramle's director—who testified that Ramle acquired an interest in the surplus proceeds by purchasing an assignment of rights from the alleged former owners of the property. Ramle introduced five exhibits at trial: (1) a final judgment in Ramle's favor in the foreclosure case of another unit, 2407, of the Club Atlantis Condominium; (2) an order granting an ex parte motion to redeem unit 2407; (3) bank records and a statement by one of the former property owners related to an alleged payment from Ramle for the purchase of unit 2407; (4) the assignment documents from the prior owners of the property to Ramle; and (5) a copy of a warranty deed for unit 2407.

3

At the close of Ramle's case, the County raised an ore tenus motion for involuntary dismissal asserting the evidence presented by Ramle failed to establish a prima facie case for relief on any claim. The trial court deferred ruling on the motion and allowed the parties to submit proposed orders and memoranda in support of their positions. The trial court subsequently granted the motion. Ramle then filed a motion for rehearing, which was denied by the trial court. This timely appeal ensued.

## STANDARD OF REVIEW

Our standard of review of a trial court's decision on a motion for involuntary dismissal is de novo. Bank of America, N.A. v. Arevalo, 306 So. 3d 1008, 1011 n.3 (Fla. 3d DCA 2020). Whether a challenged statute is constitutional is a question of law which this court also reviews de novo. See, e.g., Caribbean Conservation Corp. v. Fla. Fish & Wildlife Conservation Comm'n, 838 So. 2d 492, 500 (Fla. 2003). There is, however, a strong presumption that statutes are constitutionally valid and will not be declared unconstitutional unless determined to be invalid beyond a reasonable doubt. Medina v. Gulf Coast Linen Servs., 825 So. 2d 1018, 1020 (Fla. 1st DCA 2002) (citing Todd v. State, 643 So. 2d 625 (Fla. 1st DCA 1994)).

4

**ANALYSIS**

"An involuntary dismissal . . . is properly entered only when the evidence considered in the light most favorable to the non-moving party fails to establish a *prima facie* case on the non-moving party's claim." Luciani v. Nealon, 181 So. 3d 1200, 1202 (Fla. 5th DCA 2015) (quoting McCabe v. Hanley, 886 So. 2d 1053, 1055 (Fla. 4th DCA 2004)). "[A] motion for involuntary dismissal is the proper method by which a defendant may obtain a judgment in his favor following the presentation of the plaintiff's case in chief." Valdes v. Ass'n I.N.E.D., H.M.O., Inc., 667 So. 2d 856, 856 n.1 (Fla. 3d DCA 1996). "[W]here the evidence offered by the plaintiffs, considered in the light most favorable to them, does not establish a prima facie case, it is incumbent on the trial judge to grant the motion." Day v. Amini, 550 So. 2d 169, 171 (Fla. 2d DCA 1989).

Thus, we address each of the six counts raised in the complaint and the evidence offered by Ramle in support at trial.[2] In counts one and six,

---

[2] On appeal, Ramle also asserts the trial court erred in awarding costs to the County and DOR under section 194.192, Florida Statutes. In their briefs, however, both the County and DOR waived entitlement to recover costs in this action. This issue is therefore moot. A.G. v. Dep't of Child. & Fam. Servs., 932 So. 2d 311, 313 (Fla. 2d DCA 2006) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." (quoting Merkle v. Guardianship of Jacoby, 912 So. 2d 595, 600 (Fla. 2d DCA 2005))).

Ramle raised claims against the County for damages resulting from failure to pay it the surplus proceeds and for money had and received, respectively. Section 197.582(2) provides the procedure for how surplus proceeds are distributed after a tax deed sale. Pursuant to the plain language of the section, "[i]f the property is purchased for an amount in excess of the statutory bid of the certificateholder, the excess shall be paid over and disbursed *by the clerk*." § 197.582(2), Fla. Stat. (2004) (emphasis added). Accordingly, Ramle could not establish a prima facie case for either claim against the County as a matter of law because the Clerk is the sole party responsible for payment of surpluses. The trial court lacked the authority to impose a legal obligation to handle distribution of surplus proceeds on the County where the Florida Legislature declined to do so.

The trial court additionally found that count six was properly dismissed because Ramle failed to meet the elements of a claim for money had and received. "An action for money had and received, or the more modern action for unjust enrichment, is an equitable remedy requiring proof that money had been paid due to fraud, misrepresentation, imposition, duress, undue influence, mistake, or as a result of some other grounds appropriate for intervention by a court of equity." Hall v. Humana Hosp. Daytona Beach, 686 So. 2d 653, 656 (Fla. 5th DCA 1996) (citation omitted).

6

Ramle contends the County is erroneously retaining the surplus proceeds because it is entitled to collect them based on the assignment from the former owners of the property. Ramle, however, failed to provide sufficient evidence that the former owners of the property who assigned their rights to Ramle were entitled to the surplus proceeds.

Contrary to Ramle's apparent contention otherwise, prior ownership alone is insufficient to establish a right to surplus proceeds from a tax deed sale. Pursuant to section 197.582(2), to be entitled to surplus proceeds a party must first show that it is one of the persons listed in section 197.522(1), Florida Statutes (2004). Section 197.522(1)(a) refers to "the persons listed in the tax collector's statement pursuant to section 197.502(4)[, Florida Statutes]." § 197.522(1)(a), Fla. Stat.; see also Rahimi v. Glob. Discoveries, Ltd., LLC, 252 So. 3d 804, 807 (Fla. 3d DCA 2018) ("After the property tax bill and other government liens are paid off, the court clerk holds the 'balance' (or surplus) of the tax deed sale 'for the benefit of person described in [the tax collector's statement].'" (quoting § 197.582(2), Fla. Stat.)). The persons listed in section 197.502(4) include "the titleholder to the property up for sale, '[a]ny lienholder of record who has recorded a lien against the property,' and '[a]ny mortgagee of record.'" Id. (quoting § 197.502(4)(a)-(c)).

7

Accordingly, "[o]nly those titleholders, lienholders, and mortgagees that are of record before the tax deed sale are entitled to notice, and those for whom the clerk is holding the surplus." Id. Review of the record demonstrates that Ramle failed to provide sufficient evidence at trial establishing the alleged former owners were titleholders, lienholders or mortgagees of record before the tax deed sale. Ramle did not provide a copy of the Tax Collector's statement, any title records related to the property, or any records of the Clerk related to the tax deed sale of the property. Absent any proof that the alleged former owners were persons entitled to the surplus proceeds pursuant to section 197.582(2), Ramle could not establish a prima facie case for money had and received.

In the remaining four counts of the operative complaint, Ramle challenged the constitutionality of sections 197.473 and 197.582(2). This court, however, is precluded from considering Ramle's constitutional challenges because Ramle did not provide any evidence demonstrating it complied with the procedural requirements to raise a constitutional challenge to a state statute.

Section 86.091, Florida Statutes, provides that "[i]f the statute, charter, ordinance, or franchise is alleged to be unconstitutional, the Attorney General or the state attorney of the judicial circuit in which the action is

8

pending *shall be served* with a copy of the complaint and be entitled to be heard." § 86.091, Fla. Stat. (emphasis added); see also Martin Mem'l Med. Ctr., Inc. v. Tenet Healthsystem Hosps., Inc., 875 So. 2d 797, 800 (Fla. 1st DCA 2004) ("The purpose of [section 86.091] would appear from its language to be relatively clear—to ensure that the state (in the person of the Attorney General or appropriate state attorney) is aware of any litigation in which a plaintiff seeks a declaratory judgment that any of the enumerated forms of legislation is unconstitutional, and afforded an opportunity to present the state's position.").

Florida Rule of Civil Procedure 1.071 similarly "requires a party that files a pleading, written motion, or other document drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise, to give notice to the Attorney General or the state attorney of the judicial circuit in which the action is pending." Yanes v. OC Food & Beverage LLC., 300 So. 3d 798, 802 (Fla. 5th DCA 2020); see also Fla. R. Civ. P. 1.071(b) ("A party that files a pleading, written motion, or other document drawing into question the constitutionality of a state statute . . . must promptly . . . serve the notice and the pleading, written motion, or other document drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise on the Attorney General

9

or the state attorney of the judicial circuit in which the action is pending, by either certified or registered mail."); State v. Fla. Workers' Advocs., 167 So. 3d 500, 504 (Fla. 3d DCA 2015) (noting that Rule 1.071 requires "a mailing by certified or registered mail to the Attorney General when a pleading, motion, or other paper draws into question the constitutionality of a state statute").

Pursuant to section 48.121, Florida Statutes, "process against the state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney General." § 48.121, Fla. Stat. When a party fails to provide proper notice to the Attorney General or state attorney, a court is precluded from considering the constitutional challenge raised in the complaint. See Lee Mem'l Health Sys. v. Progressive Select Ins. Co., 260 So. 3d 1038, 1042 (Fla. 2018) ("Failure to comply with rule 1.071 bars consideration of a claim that would result in the striking of a state statute as unconstitutional."); Shelton v. Bank of New York Mellon, 203 So. 3d 1003, 1005 (Fla. 2d DCA 2016) (declining to consider a constitutional issue where the "objection to the notice of sale does not state that the Attorney General or state attorney was served"); Davis v. Karr, 264 So. 3d 279, 282 (Fla. 5th DCA 2019) (concluding a constitutional

challenge to a statute was not properly preserved for review where the appellant failed to comply with Florida Rule of Civil Procedure 1.071).

Here, Ramle presented no evidence that it provided the State with the requisite service. On appeal, Ramle contends the State was properly served because DOR was served, answered and defended in this action. This argument is without merit as it improperly conflates DOR with the State. While both are State entities, service on DOR does not equate service on the State for purposes of raising a constitutional challenge to a state statute. Pursuant to the relevant rule and statute, Ramle had to serve a copy of its complaint on the Attorney General or state attorney of the eleventh judicial circuit. See § 86.091, Fla. Stat.; Fla. R. Civ. P. 1.071. Ramle failed to do so. The trial court therefore properly found it was barred from considering Ramle's constitutional challenges.

## CONCLUSION

As Ramle failed to provide sufficient evidence to establish a prima facie case for any of its claims, we find the trial court properly granted the County's motion for an involuntary dismissal. Sec. Abstract & Ins. Co. v. Fid. Nat. Title Ins. Co. of Pennsylvania, 668 So. 2d 658, 658 (Fla. 4th DCA 1996) (holding "that the trial court properly granted an involuntary dismissal as to all these

11

counts at the close of plaintiff's case, because [the plaintiff] failed to establish a prima facie case as to any of them").

Affirmed.